# JANUARY TERM, 1848.

———————

DANKS, plaintiff in error, *agt.* QUACKENBUSH, defendant in error.

### Questions discussed.

1. Whether the statute (*Sess. L.* 1842, *p.* 193) extending the exemption of property from execution, applies to debts arising on *pre-existing contracts?*

2. Whether that act, under a retrospective construction, is a law impairing the obligation of contracts, within the meaning of the constitution of the United States?

This was an action of replevin brought in the Onondaga common pleas, in 1843, by Danks against Quackenbush for taking one yellow gelding horse and one two-horse harness—goods and chattels which the plaintiff owned and was in possession of. The defendant pleaded the general issue.

The cause was tried at the May term, 1843.

The counsel for the defendant admitted the taking of the property declared for by the said plaintiff; and thereupon the said plaintiff rested.

The counsel for the defendant then gave in evidence a judgment in the supreme court, which, from the record, appeared to have arisen upon contract, in which Thomas B. Fitch was plaintiff, and Melancthon W. Danks was defendant, for $83.85: docketed January 6, 1837; and an alias execution issued upon said judgment, which was received by the sheriff of Onondaga Co., January 25, 1843. By virtue of which execution, it was admitted by the counsel for the plaintiff that the property was taken; and it was also admitted that the defendant was a deputy of the sheriff of the county of Onondaga, in which county the said Danks resided and the said property was taken.

It was thereupon proved by the counsel on the part of the plaintiff that the plaintiff was a householder, and had no more

property than would be exempt from execution by statute of 1842, except one horse, which was the property for the taking of which the suit was brought, and which was proved to be worth about sixty dollars—that he drove another horse with this one, but which horse belonged to another person—that he worked by the day to support his family, and used the said team of horses.   There was some testimony offered in behalf of the defence which tended to prove the same point.

After the testimony was closed, the counsel for the defendant then asked the court to charge the jury that: The property declared for by the said plaintiff was not exempt by statute from levy and sale under the above execution; and stated as a reason for this, that the demand on which the judgment, by virtue of which this property was taken, was one arising on contract; and arose and became due, and judgment rendered thereon, before the passage of the " act extending the exemption of certain property from distress for rent or sale under execution;" and that the said act did not apply to such contracts and demands; and also, that said act was in violation of the constitution of the United States.

The said court refused so to charge the jury, but charged—that if they found the said team necessary for the support of his family, that then it would be exempt from levy and sale under execution, by virtue of said act of 1842.

To which charge, and to such refusal to charge as above requested, the counsel for the said defendant did then and there except.

The jury found a verdict for plaintiff, and assessed the value of the goods and chattels specified in the plaintiff's declaration to $65.   Judgment was docketed June 17, 1843.

The defendant brought error, and removed the judgment into the supreme court.   In May term, 1845, the supreme court reversed the judgment of the common pleas, BRONSON, Ch. J., delivering the opinion of the court; and *held,* that so long as the case of McCracken *v.* Hayward (2 *Howard's U. S. Reports,* 608) stood as the law, the exemption law of 1842, when applied to past transactions, could not be supported.   In that

Danks *agt.* Quackenbush.

respect it was in violation of that provision of the constitution of the United States which prohibits the state legislatures from passing laws impairing the obligation of contracts.

Whether the exemption law of 1842 applies to executions for debts which were contracted before the law was passed— *Quere.* *Reported* 1 *Denio,* 128.

Danks, the plaintiff, brought error and removed the judgment of the supreme court into this court.

*Isaac W. Brewster, Attorney,* and
*A. Taber, Counsel* for plaintiff in error.

*First.* The statute in question makes no exception of executions for debts which had been *previously* contracted, and was evidently intended by the legislature to apply to all executions levied after it went into effect. (*Sess. Laws of* 1842, *p.* 193; 2 *R. S.* 367, § 22; 2 *Dwar.* 699.)

*Second.* Before the court will declare an act of the legislature unconstitutional, a case must be presented in which there is no rational doubt. (*Dartmouth College* v. *Woodward,* 4 *Wheaton's Rep.* 625; *exparte, McCollum,* 1 *Cow. Rep.* 550.)

*Third.* The statute in question is not a "law impairing the obligation of contracts," within the meaning of the constitution of the United States.

☞ 5 *Howard,* 311–12; 20 *W.* 561–2; 2 *Dwar. Stat.* 703; *L.* 1810, *ch.* 193, § 35; 1 *R. L.* 516, § 15; *L.* 1811, *ch.* 202, § 18; 1815, *ch.* 22; 1824, *ch.* 238, § 35; 2 *R. S.* 427, § 59; *L.* 1830, *ch.* 238, § 1; 1831, *ch.* 300, § 1; 1842, *ch.* 157, § 1; (law in question;) *Story's Const.,* § 400. As to construction of const., Federalist, No. 44, only one number on this provision, and that in general way—no particulars.

*Obligation* of contract is the legal duty to perform it, and the sanctions of that duty.

*Remedies* on contract don't form part of its obligation; contract merged in the judgment—gone.

*Lex loci contractus,* which enters into the contract, follows it everywhere. The *remedies* do not follow it to another state or county; they never enter into the contract.

Danks *agt.* Quackenbush.

*Obligation* is perfect the moment the contract is made; *remedy* has no relation to it.

If remedy is part of the contract, there could be no change of the remedies. (*Story's Const.*, § 1379.)

4 *Wheat.* 200, is distinction between obligation and remedy.

1 *Kent*, 430, the same.

4 *Peters*, 289–90—BALDWIN, J., all these *obligations* I admit.

1 *Howard*, 326, 232—McLEAN, J.

5 *Howard*, 311–12—McLEAN, J.

5 *Howard*, 316—BALDWIN, J.

1 *Howard*, 315–16—TANEY, Ch. J., admits exception laws good.

1 *Howard*, 608, *Law of Illinois*, 332—question whether constitutional—question did not arise.

2 *Howard*, 617–18—question not passed upon there. ☞

☞ REPLY.—Goes to all laws touching remedy—enters into contract, if any—act abolishing distress for rent void, if this is. ☞

*Noxon, Leavenworth, & Comstock, Attorneys,* and
*George F. Comstock, Counsel* for defendant in error.

*First.* The act of 1842, extending the exemption of property from execution, can not, consistently with settled rules, be so construed and applied as to affect pre-existing contracts. (*Gillmore* v. *Sheeter*, 1 *Freeman*, 466; *S. C.* 2 *Mod.* 310; *Couch* v. *Jeffries*, 4 *Burr*, 2460; 6 *Bac. Abr.* 370; 2 *Atk.* 36; 1 *Vesey Sen.* 225; 2 *Ld. Raymond*, 1350; *Osborn* v. *Huger*, 1 *Bay Rp.* 179; *Ham* v. *Claws*, *id.* 93; *Dash* v. *Van Black*, 7 *Johns.* 477; *Sackett* v. *Andross*, 5 *Hill*, 334–7 *and* 362–5.)

☞ By whatever name we call this legislation, whether upon the obligation of the contract or the remedy, it reaches and impairs the obligation of the contract.

Though McLEAN, J., will not distinguish between those laws operating upon *past* and *future* contracts, the distinction has been taken and acted on in the federal and state courts.

Laws of the state enter into and modify the contract—part of the contract. (12 *Wheat.* 213, 357, 368, 259, 284, 295, 325;

Danks *agt.* Quackenbush.

13 *Mass.* 1, 16; 16 *John.* 233; 17 *John.* 108.) No doubt states may change the form of the remedy. (4 *Wheat.* 198.) Not only surrender all his goods—*cessio bonorum*—but future acquisitions—*p.* 200–1—distinction as to imprisonment. There is no obligation in a contract, but in the remedies to compel performance.

Statute frauds don't say contract void, but only that no action shall be maintained on them; and as no action, have always been held void.

May alter mere remedies which do not touch the obligation of the contract. (8 *Wheat.* 1; 1 & 2 *Howard.*)

*Second.* The act in question, under a retrospective construction, is in violation of that provision of the constitution of the United States which prohibits the state legislatures from passing laws impairing the obligation of contracts, and is therefore void. (*Sturges* v. *Crowningshield,* 4 *Wheat.* 122; *Green* v. *Biddles,* 8 do. 1; *Mason* v. *Haille,* 12 do. 370, 318, 337; *Bronson* v. *Kinsie,* 1 *Howard,* 311; *McCracken* v. *Hayward,* 2 do. 608; 1 *Car. Law Repos.* 385; 2 do. 428; 7 *Monr.* 11; do. 544; do. 588; 4 *Litt.* 34; do. 53; 5 *Monr.* 98.)

DECISION.—Judgment affirmed, on an equal division of the judges.

JEWETT, Ch. J., BRONSON, RUGGLES, and GRAY, Judges, were for affirming the judgment, on the ground stated in the opinion of the supreme court.

GARDINER, J., delivered a dissenting opinion, in which JONES, JOHNSON, and WRIGHT, Judges, concurred.

NOTE.—Whether the act of 1842, extending the exemption of property from execution, can be applied to executions for pre-existing debts, *Quere ?*

This act, under a retrospective construction, *held* to be in violation of that provision of the constitution of the United States which prohibits the states from passing any law impairing the obligation of contracts.

*Reported,* 1 *Comstock,* 129.